**In re The ISLANDER CONDOMINIUM ASSOCIATION, INC., Debtor.**

**Bankruptcy No. 95–7780–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 11, 1996.

Daniel J. Herman, Largo, FL, for Debtor.

Sarah Richardson, Sr. Assistant County Attorney, Clearwater, FL, for W. Fred Petty, Tax Collector.

B. Norris Rickey, Clearwater, FL, for Property Appraiser's Office.

Jim Smith, Property Appraiser, Clearwater, FL.

Thomas D. Adams as Nominal Trustee of the Islander Condominium Trust, Redington Beach, FL.

Charles M. Tatelbaum, Clearwater, FL, for Jim Smith and Pinellas County.

## ORDER ON MOTION TO ABSTAIN

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion to Abstain, filed by Jim Smith (Smith), the Property Appraiser for Pinellas County. Smith seeks an Order Abstaining from the Debtor's Motion originally filed on December 21, 1995, and amended on January 26, 1995, which seeks a Determination of Real Property Ad Valorem Taxes concerning the Debtor's property, pursuant to § 505 of the Bankruptcy Code.

The Court heard argument of counsel and considered the record and is satisfied that the Motion under consideration is not well taken and should be denied for the following reasons. The record reveals that the Debtor in its original Motion sought a determination by this Court that the ad valorem property taxes assessed by Pinellas County for the years 1985 through 1995 assessments were improper and excessive; thus, this Court should re-examine the value of the subject property during the relevant years and based on the revaluation, determine the amount which should have been taxed against the subject property during the years in question.

On January 11, 1995, the Pinellas County Tax Collector filed a Motion for Summary Judgment. The Motion was heard in due course and on March 6, 1996, this Court entered its Order Denying the Motion for Summary Judgment based on the conclusion that the Debtor's Motion did state a claim under § 505 for which relief can be granted. However, treating the Motion for Summary Judgment in part as a Motion to Dismiss, the Motion was conditionally granted as to third party certificate holders, unless the Debtor were to join the third party certificate holders as parties to this contested matter. It should be noted that at the time this Order was entered, the Debtor had already filed an Amended Motion for Determination of the Real Property Ad Valorem Taxes which was served on all third party certificate holders, but so far there has been no Order entered on this Amended Motion. To further complicate the matter, the Debtor filed a Motion for Reconsideration of this Court's March 6, 1996, Order which in part conditionally granted the Tax Collector's Motion for Summary Judgment, as the proceeding related to the third party certificate holders. It is evident from the foregoing that the Amended Motion as it relates to joinder of the third party certificate holders should be granted, which in turn would moot out the Debtor's Motion for Reconsideration.

The Debtor's Motion for Reconsideration is based on the contention of Smith that this is a proceeding based on pure state law; an action which could have been timely adjudicated by the Debtor in the forum of the appropriate jurisdiction under Florida law. Thus, sufficient cause exists pursuant to 28 U.S.C. § 1334 for this Court to abstain from hearing and considering the merits of the Debtor's Motion. It should be noted, however, that the Motion does not specify whether or not Smith seeks the optional abstention under subsection (c)(1) or the mandatory abstention under subsection (c)(2) of 28 U.S.C. 1334.

The Motion is challenged by the Debtor on two different grounds: first, it is the contention of the Debtor that the Motion to Abstain is untimely because it was not filed in the time specified by Local Rule 1.05 which requires that a Motion to Abstain shall be filed not later than 30 days after the filing of the initial pleading or other paper commencing the proceeding or contested matter. Local Rule 1.05(b)(2) (Bankr.M.D.Fla.). Second, it is contended by the Debtor that it has no remedy available to it in the state court and clearly § 105 was designed to authorize the Bankruptcy Court to determine the liability for taxes relating to property of the estate.

In response to the first proposition urged by the Debtor, Smith contends that in light of the fact that the Debtor amended its Motion for Determination of the Real Property Taxes on January 26, 1996, and filed a Motion of Reconsideration on March 15, 1996, his Motion to Abstain filed on March 20, 1996, was timely.

Even a cursory review of this record leaves no doubt that none of the propositions urged by Smith are valid or supported by the record. First, the fact that the Debtor filed an Amended Motion for Determination of Real Property Taxes on January 26, 1996, is without significance; and even is it is, the Motion to Abstain the Amended Motion was clearly untimely, since it was filed more than two months after the Amended Motion was filed. Next, the Motion for Reconsideration filed by the Debtor on March 15, 1996, has absolutely no relationship to the pleading presented for this Court's consideration of which Smith seeks this Court to abstain. Whether or not the pleading which controls the timeliness of the Motion is the original pleading filed on December 21, 1995, or the Amended Motion for Determination filed on January 26, 1996, it is clear that the Motion to Abstain was untimely and was not made within the time frame provided by Local Rules 1.05 and 1.06. Local Rules (Bankr. M.D.Fla.).

Even assuming, without conceding, that this is a fatal defect which in turn would render the merits of the Motion moot, this Court is also satisfied that the Motion to Abstain equally lacks factual or legal support. There is hardly any question that § 105 was designed to authorize the Bankruptcy Court to determine the liability of the Debtor for any tax, including taxes imposed by state taxing authorities, and not only federal taxes as is intimated. Second, the fact that the tax in question is imposed by Pinellas County and is governed by state law, is clearly a non sequitur. While it is true that outside of bankruptcy the state court would have had competence to deal with the matter, the Debtor no longer has this opportunity and its sole remedy is in this Court.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion of Jim Smith, Property Appraiser for Pinellas County, Florida to Abstain be, and the same, is hereby denied.

DONE AND ORDERED.